Coleman, J.
The plaintiff, employee of a wrecking firm which was demolishing a building, was injured when in the course of his work a wall not properly braced by his fellow employees fell upon him. He has sued the owner of the premises to recover for his injuries. The owner had not retained possession or control of the building, where the work was being done nor did it direct the contractor, the plaintiff’s employer, how .to do the work.
Komar v. Dun & Bradstreet Co. (284 App. Div. 538) stands in the way of the plaintiff’s recovery. That case held that section 240 of the Labor Law which imposes upon the employer the obligation to furnish or erect ‘ ‘ scaffolding, hoists, stays, ladders, slings, hangers, blocks, pulleys, braces, irons, ropes and other devices which shall be so constructed, placed and operated as to give proper protection ’ ’ cannot be extended by reference to subdivision 6 of section 241 to impose a similar obligation upon the owner of the premises. That subdivision reads: “6. The board of standards and appeals may make rules to provide for the protection of workmen in connection with the excavation work for the construction of buildings, the work of constructing or demolishing buildings and structures, and the guarding of dangerous machinery used in connection therewith, and the owners and contractors for such work shall comply therewith.”
In the Komar case the plaintiff relied upon a rule of the board which compelled the use of a scaffold when demolition work was being carried on at a stated distance above the ground. Here the plaintiff relies upon a rule relating to demolition of buildings which states that “No wall, chimney or other structure or part of a structure shall be left in such condition that it may topple over due to wind or vibration or so as to become otherwise dangerous ” (Rule 23-10.4, N. Y. Off. Comp, of Codes, Rules & Regulations, 7th Off. Supp., p. 399). The court in the Komar case held that while the rule relating to scaffolds was effective as to employers, it had no efficacy so far as owners were concerned. Section 240, it said, fixed the liability upon *291 employers with respect to the devices enumerated hi it and the Board of Standards and Appeals could do no more; it could not impose liability upon others, owners. That seems to me to be determinative of the issue here. Komar dealt with a scaffold; what was involved here was a brace — a device mentioned in section 240. Devices other than scaffolds were considered in the decision of the Appellate Division. 1 ‘ The policy of the law as to who should furnish such devices had already been set by statute. It would be an unwarranted interference with the legislative scheme to permit rule-makers to require that as to demolition or construction workers such devices must be furnished by others. Furthermore it could only create confusion if responsibility for devices such as scaffolds, ladders, blocks, pulley ropes, etc., were to be divided and placed on several heads ” (pp. 545-546). Section 241, it said, “leaves the rule-maker free to cast the duty as to new devices on an owner or general contractor.”
The plaintiff argues that section 240 is so comprehensive that it would be difficult to imagine a “new device” intended for use in construction or demolition work which could not be located in the enumerated classes; and that the court’s decision practically nullifies the rule-making power of the board at least as to the classes of cases outside those enumerated in sections 241 and 241-a. The argument, no doubt, would find favor with the two Justices who dissented from the Komar decision—but it is an argument which will have to be repeated before the entire court. The complaint will be dismissed.